IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MELVAN KEITH, | ) |
| Plaintiff, | ) |
| vs. | ) CV-01-RRA-2247-E |
| RUSSELL CORPORATION, INC., | ) |
| Defendant. | ) |

**ENTERED**

**DEC 17 2001**

## MEMORANDUM OF OPINION

The plaintiff filed this action in the Circuit Court for Talladega County, Alabama, alleging that she was denied pension benefits after the termination of her employment with the defendant. In its removal notice, the defendant stated:

> Through a plan providing pension benefits upon certain conditions, plaintiff Melvan Keith's employer, Russell Corporation, Inc., provided employee benefits to plaintiff, funded the benefits through establishing a qualified pension plan, and provided the procedures and conditions whereby the amount of these benefits might be calculated. Therefore, Russell established or maintained an ERISA plan, as defined in *Donavon v. Dillingham*, 688 F.2d 1367, 1373 (11th Cir. 1982) and *Williams v. Wright*, 927 F.2d 1540 (11th Cir. 1991).

*Notice of Removal*, ¶4.[1]

The evidence submitted by the defendant in support of its motion for summary

---

[1] The court deems this an ERISA action. If the plaintiff contends otherwise, she should inform the court forthwith.



judgment shows that, under the terms of the Plan, the plaintiff is not entitled to receive termination benefits until she reaches her normal retirement date of June 30, 2022. That evidence consists of the affidavit of Michael Piazza, the Manager of Human Resource Accounting; the defendant's Pension Plan, Exhibit B; the Revised Pension Plan, Exhibit A; and the plaintiff's "Pension Benefit Statement," Exhibit C.

In written response, the plaintiff states that "[w]hether the plaintiff fulfilled the conditions required to obtain her vested benefit and whether the defendant acted in bad faith and breached its agreement with the Plaintiff are genuine issues of material fact which precludes granting defendant's summary judgement motion." *Plaintiff's Answer to Defendant's Motion for Summary Judgment*, pg. 2. In support of that assertion, the plaintiff refers to her affidavit, her only summary judgment evidence. It states:

> 2. I had several telephone conversations with Mr. Michael Piazza, (Human Resources) specifically on April 24, 2000, May 21, 2000, May 30, 2000, and December 12, 2000 at 4:30 p.m. at Russell Corporation in Alex City, Alabama, regarding my pension benefits and I dispute the information contained in the Affidavit of Mr. Michael Piazza.
>
> 3. I also personally spoke with Ms. Linda Bayley in Education, Mr. Mike Rowell, and Ms. Mary Woods at the Russell Corporation in Alex City, Alabama.

The plaintiff's statement in her affidavit that she "disputes the information'

contained in Piazza's affidavit is general and conclusory and therefore is not proper summary judgment evidence. Moreover, the plaintiff's termination benefits are determined by the Plan, not conversations with the defendant's employees.

Wherefore, the defendant's motion for summary judgment is due to be granted and this action dismissed. An appropriate order will be entered.

Dated this 17th day of December, 2001.

Robert R. Armstrong, Jr.
United States Magistrate Judge